# In the United States Court of Federal Claims

No. 16-1355C
(Filed October 21, 2021)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * *
                                  *
                                  *
                                  *
SAGE ACQUISITIONS, LLC,           *
                                  *
                Plaintiff,        *
                                  *
        v.                        *
                                  *
THE UNITED STATES,                *
                                  *
                Defendant.        *
                                  *
* * * * * * * * * * * * * * * * * *
```

## ORDER

The Court had previously resolved this post-award bid protest by an oral ruling in the plaintiff's favor. *See* ECF Nos. 26 & 30. At issue was the determination of the Small Business Administration's (SBA) Office of Hearings and Appeals (OHA) that plaintiff, a joint venture between a large business mentor and a small business protégé, failed to qualify as a small business under 13 C.F.R. § 124.513(d)(1) due to the type of work assigned to the protégé under the joint venture agreement (JVA). *See* Admin. R. (AR) 681o. The SBA had, less than a year earlier, found that this same work under the same JVA satisfied the regulation, when plaintiff's size was challenged in connection with another contract awarded to it under the same solicitation. *See* AR 95. Under these circumstances, OHA acted arbitrarily in determining that issue preclusion did not apply, *see* AR 681i, as it "entirely failed to consider an important aspect of the problem," *Ala. Aircraft Indus., Inc.-Birmingham v. United States*, 586 F.3d 1372, 1375 (Fed. Cir. 2009) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43 (1983)) ---namely, whether the protégé was to perform any tasks under that other contract that differed from those to be performed under the contract at issue in this protest, *see* ECF No. 26 at 4–6.

Since the requirement at issue concerned whether the protégé was to perform work that entailed "more than administrative or ministerial functions," 13 C.F.R. § 124.513(d)(1) (2014), whether the different contracts involved differing numbers of

properties serviced or employed differing number of employees were not the relevant considerations. Instead, the focus should have been on whether the *type* of work assigned to the protégé was substantive enough to meet the regulation. Unless the tasks differed under the two contracts, the SBA's previous determination concerned the identical issue facing OHA in this case, and relitigation would have been precluded. ECF No. 26 at 5–6; *see Montana v. United* States, 440 U.S. 147, 153 (1979); *In re Freeman*, 30 F.3d 1459, 1465 (Fed. Cir. 1994). Nothing in the record supported a conclusion that the type of work to be performed by the protégé differed under the two contracts.

Judgment was not entered when the Court issued its oral ruling, as it was anticipated that a written opinion would follow. *See* ECF No. 26 at 6. The unsealing of that ruling made a written opinion unnecessary, *see* ECF No. 29, and there does not appear to be any reason why either party would need one. Thus, as plaintiff's motion for judgment on the administrative record was **GRANTED** and defendant's cross-motion for judgment on the administrative record was **DENIED**, *see* ECF No. 30, the Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Senior Judge